[821 NYS2d 684]

In the Matter of ALAN M. ST. CLAIR, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 7, 2006

**APPEARANCES OF COUNSEL**

*Susan M. Eagan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 3, 2005. He was arrested on August 30, 2005, and charged with possessing a sexual performance by a child (Penal Law § 263.16), a class E felony. On October 12, 2005, respondent pleaded guilty in Buffalo City Court to attempting to possess a sexual performance by a child (§§ 110.00, 263.16), a class A misdemeanor, in satisfaction of the felony charge. This Court, by order entered January 18, 2006 (26 AD3d 900 [2006]), granted the motion of the Grievance Committee pursuant to 22 NYCRR 1022.20 (e) seeking to suspend respondent on the ground that his conviction constituted uncontroverted evidence that he had committed misconduct immediately threatening the public interest. On March 6, 2006, respondent was sentenced to a six-year term of probation. He has been adjudicated a level one risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*) and is required to register as a sex offender for a period of 20 years.

The Grievance Committee filed a petition charging respondent with violations of the Disciplinary Rules of the Code of Professional Responsibility based upon the misconduct underlying his criminal conviction. Respondent filed an answer admitting the material allegations of the petition and appeared before this Court and submitted matters in mitigation.

The admitted facts establish that the attempted transmission by respondent of an image depicting child pornography on his personal computer was detected and blocked by an Internet service provider. The State Police commenced an investigation upon receipt of a report generated by the Internet service provider and, in connection with the investigation, two State Police investigators conducted an interview with respondent at his residence. Respondent initially denied the allegations and refused to consent to a search of his computer. One investigator left to obtain a warrant, and the other remained at respondent's residence. The remaining investigator observed respondent secrete the computer in a bag, remove it from the residence and attempt to place it into his automobile. Upon being advised by the investigator that the warrant application would be amended to include his vehicle, respondent consented to the search of the computer. Forensic analysis of respondent's computer revealed

more than 150 images and 12 digital videos depicting sexual conduct by a child less than 16 years of age. Additionally, the forensic analysis indicated that, on the date on which respondent was interviewed by the investigators, he had attempted to delete images from the computer.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered the matters submitted by respondent in mitigation, including the conclusions of a recognized medical expert that respondent is not a pedophile, poses no danger to children and possesses none of the factors that demonstrate a likelihood of recidivism. Respondent, however, has committed serious misconduct. He possessed and attempted to transfer graphic images depicting child pornography, and he attempted to conceal and destroy evidence when confronted by State Police investigators. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for three years, effective January 18, 2006, and until further order of the Court.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Final order of suspension entered.