Matter of Jimenez (2025 NY Slip Op 01581)

Matter of Jimenez

2025 NY Slip Op 01581

Decided on March 18, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T
Renwick Presiding Justice
Troy K. Webber Anil C. Singh Saliann Scarpulla Manuel Mendez
Justices.

Motion No. 2024-04196|Case No. 2022-04221|

[*1]In the Matter of Michael Alan Jimenez A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Alan Jimenez (OCA Atty Reg. 4265484), Respondent.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner
Robert J. DeGroot, Esq., for respondent.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Alan Jimenez, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 25, 2004.
Motion No. 2024-04196 — September 23, 2024
In the Matter of Michael Alan Jimenez, a suspended attorney
Per Curiam
Respondent Michael A. Jimenez was admitted to the practice of law in the State of New York by the First Judicial Department on October 25, 2004, under the name Michael Alan Jimenez. Respondent maintains a registered address within the First Department.
In the Superior Court of New Jersey, respondent pleaded guilty to endangering the welfare of a child (possession of child sexual exploitation/abuse material, 100 or more items — third degree), in violation of New Jersey Statutes Annotated § 2C:24-4b(5)(b)(iii), and was sentenced to two years' probation. On a previous motion by the Attorney Grievance Committee (AGC), we found that the evidence did not establish commission of a felony resulting in automatic disbarment, but that respondent had been convicted of a serious crime (Matter of Jimenez, 212 AD3d 72 [1st Dept 2023]). We ordered that a hearing be held before a referee and, in the interim, that respondent be suspended from the practice of law (id. at 76).
Subsequently, a hearing was conducted via Microsoft Teams on November 13, 2023. Respondent presented evidence and testimony on his own behalf. On August 5, 2024, the Referee issued a report. The Referee recommended that respondent be suspended from the practice of law for three years, nunc pro tunc to his interim suspension on January 9, 2023, and that respondent may not be reinstated without passing an independent psychosexual examination. This examination would be performed by a medical doctor specializing in psychosexual conditions, who would be selected by the AGC, and paid for by respondent. The AGC now moves to confirm the report and recommendation (see Rules of App Div [22 NYCRR] § 603.8-a [t] [4]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [1]).
The Referee found that respondent had pleaded guilty to possessing 100 or more items of "child pornography," at least some of which depicted children engaged in sexual intercourse, and that he knew it was illegal to possess those materials. The Referee found this crime to be reprehensible.
The Referee, however, did not find the record to establish that any of the images depicted a child under the age of 16 so as to warrant automatic disbarment (see Jimenez, 212 AD3d at 75). Respondent had no criminal or disciplinary history other than the single arrest and conviction, and had character letters submitted on his behalf that the Referee described [*2]as "impressive." He had completed his two-year term of probation in New Jersey and his one-year suspension from practice before certain federal agencies. The Referee found no evidence that respondent had ever distributed child pornography or attempted any in-person sexual contact with a child, both of which respondent denied in his testimony. The Referee also found that respondent's offense did not involve representation of a client or the practice of law, and did not raise questions regarding his honesty or his fitness to practice law.
The Referee further found that respondent offered significant mitigating evidence. Respondent acknowledged full responsibility for his conduct, which he understood was not a victimless crime. He recognized the harm he had inflicted on children, whose sexual exploitation he had viewed, and that he had betrayed and embarrassed his wife. He showed remorse for these actions, which his treating psychologist believed to be genuine. The Referee found that respondent appeared to be sincere.
A forensic evaluation revealed that respondent is unlikely to re-offend. The Referee credited respondent's testimony that he has not viewed child pornography since his arrest and has no interest in doing so. Respondent attributed his use of child pornography to various mental health conditions, which he now treats through medication and frequent therapy. His therapist confirmed the regularity of respondent's treatment and opined that respondent had been fully cooperative. Respondent also testified that, of his own volition, he had installed monitoring software on all of his electronic devices. The Referee found no evidence that respondent had ever failed to comply with the monitoring software.
We agree with the Referee that three years of suspension, with reinstatement conditioned on passing an independent forensic examination, is an appropriate sanction under these circumstances (see Matter of St. Clair, 32 AD3d 170 [4th Dept 2006]; see also Matter of Lever,60 AD3d 37 [1st Dept 2008]).[FN1]Therefore, we confirm the Referee's report and adopt the Referee's recommendation.
Accordingly, the AGC's motion to confirm the Referee's report and recommendation should be granted and respondent suspended from the practice of law for three years, nunc pro tunc to January 9, 2023. Prior to reinstatement, respondent must undergo and pass an independent forensic psychosexual evaluation performed by a medical doctor specializing in psychosexual conditions, selected by the AGC and paid for by respondent.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department to confirm the Referee's report and recommendation, is granted, pursuant to 22 NYCRR §§603.8-a(t)(4) and 1240.8(b)(1), and respondent, Michael Alan Jimenez, is suspended from the practice of law for three years, nunc pro tunc to January 9, 2023. Prior to reinstatement, respondent must undergo and pass an independent forensic psychosexual [*3]evaluation performed by a medical doctor specializing in psychosexual conditions, selected by the Attorney Grievance Committee and paid for by respondent; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, respondent, Michael Alan Jimenez, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Michael Alan Jimenez, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Michael Alan Jimenez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 18, 2025

Footnotes

Footnote 1: The conduct at issue in St Clair and Lever was, in some ways, worse than respondent's. We express no opinion as to whether a similar sanction remains appropriate for such conduct.